LEITUALA M. SUAPILIMAI, Appellant

v.

FALEAFINE MUSU and FELILI FALEAFINE, Appellees

High Court of American Samoa
Appellate Division

AP No. 14-88

November 8, 1988

Before KING*, Acting Associate Justice, KAY**, Acting Associate Justice, TOGAFAU***, Acting Associate Justice, LUALEMAGA, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Appellant, Aviata Fa'alevao
For Appellees, Charles Ala'ilima

Per Curiam:

This is a land dispute concerning a fifth of an acre of lawn which is overlapped by two surveys made by the Suapilimai and Faleafine families.

The Faleafine family and the Leituala/ Suapilimai family have been neighbors for at least forty years. Their homes are located upon bordering plots of land in Ili'ili village. The area now in dispute is located between their homes, and has been occupied or used at various times by both sides to this litigation.

For at least twenty years prior to 1973 there was a small guest house (fale) on the area occupied by various relatives of the appellant, and her family still maintains a cooking hut (umu) there. The tract has also been used by members of appellees' family for many years. At trial there was testimony that the two families had been very friendly for many years and both used and maintained the area amicably. There have, however, been two interruptions of these friendly relations, once in 1973 and once more recently, leading to the present litigation.

---

* Honorable Samuel P. King, Senior Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

** Honorable Alan C. Kay, District Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

*** Honorable Malaetasi M. Togafau, Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.

There was testimony (though disputed) that in 1973 members of both families met with a local chief to have him walk the boundary line with them. The line he marked, according to several witnesses, was along a straight row of coconut trees which mark the east side of the Faleafine survey. Shortly thereafter, the Suapilimai family removed the guest house which was located on the disputed land, west of the line of coconuts. Suapilimai testified that this was due to a health department order; Faleafine witnesses testified that it was because the chief identified the disputed land as Faleafine's. Suapilimai continued and still continues to use the cooking house.

In 1981, while occupants of the Faleafine dwelling were temporarily in Hawaii for extended medical treatment, Suapilimai ordered and registered a survey of the land. The trial court found the survey to be null and void due to technical problems not essential to the present appeal. When the Faleafine members returned and found that Suapilimai was using the disputed portion they had their own survey done and the present action began.

The trial court determined that Faleafine had the superior right to the land based on use and occupation, but found that the Suapilimai family had a license to use the umu so long as they would not disturb Faleafine's use and enjoyment of the tract.

Suapilimai's argument on appeal appears to be that the trial court erred because there was a substantial body of evidence which supported her contention that her family had occupied and used the land longer and more extensively and therefore had the superior right thereto. She cites heavily from the transcript, particularly to evidence that her children had cut down coconut trees on the tract, that her family had for a long time built and kept a guesthouse and a cooking house on the land, that the previous generation of her family had planted coconut and breadfruit trees on it, and that her children presently maintain the lawn.

In turn, Faleafine supplied evidence that the family had long occupied the area directly west of the disputed plot, that the land occupied by the Suapilimai family actually belonged to the

18

Letuligasenoa family, that there was joint use and maintenance of the disputed land by both sides, and that the boundary settlement by Chief Letuligasenoa which allotted the tract to Faleafine had been recognized by both sides.

Where, as here, each side has presented evidence to the trial court which supports its own interpretation of the situation, the trial court's findings will not be disturbed unless clearly erroneous. A.S.C.A. § 43.0801(b). The trial court was persuaded by the evidence of Faleafine, and there is substantial evidence to support that choice.

The judgment of the trial court is AFFIRMED.